Jonah A. Grossbardt (State Bar No. 283584)
**SRIPLAW**
1801 Century Park East
Suite 1100
Los Angeles, CA  90067
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com

Attorneys for Plaintiffs
ERIK BELZ, JONATHAN PAKFAR, AND SHANE ELI ABRAHAMS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIK BELZ, JONATHAN PAKFAR, and SHANE ELI ABRAHAMS,<br><br>Plaintiffs,<br><br>v.<br><br>JAKE PAUL and TEAM 10, INC.,<br><br>Defendants. | Case No.:  **2:19-cv-10730**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiffs ERIK BELZ, JONATHAN PAKFAR, and SHANE ELI

ABRAHAMS by and through their undersigned counsel, brings this Complaint

1

against Defendants JAKE PAUL and TEAM 10, INC. (collectively "Defendants") for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1.      Plaintiffs ERIK BELZ, JONATHAN PAKFAR, and SHANE ELI ABRAHAMS ("Plaintiffs") bring this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiffs' original copyrighted works of authorship.

2.      Jonathan Pakfar, and Shane Eli Abrahams are music producers based in Los Angeles, California. Erik Belz is a music producer based in

3.      Defendant JAKE PAUL ("Paul") is a music performer, former Disney Channel star, former Vine star, YouTuber and Internet personality.

4.      Defendant TEAM 10, INC. ("Team 10") is Paul's production company that is credited on Paul's song entitled "Litmas" ("Litmas").

5.      Plaintiffs allege that Defendants copied Plaintiffs' copyrighted master recording and composition in its entirety in Paul's song Litmas.

6.      Plaintiffs' master recording and composition is the backing track for the entire song Litmas.  Defendants have not acknowledged Plaintiffs' contribution nor obtained permission to use their copyrighted master recording and composition, nor provided them with compensation.  While Defendants and others have received many accolades and substantial profits from Litmas, Plaintiffs have received nothing – no acknowledgement, no credit, no remuneration of any kind.

**SRIPLAW**
LOS ANGELES, CALIFORNIA

2

7.     Plaintiffs bring this action to vindicate their rights for the deliberate taking of their work, to recover damages, and to ask that Defendants be required to disgorge their ill-gotten profits attributable to their infringement and cease and desist their continued, unauthorized use of Plaintiffs' work, provide credit and compensation rights and interests in the infringing work.

## JURISDICTION AND VENUE

8.     This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

10.    Paul is subject to personal jurisdiction in California.

11.    Team 10, Inc is a Delaware Corporation that is subject to personal jurisdiction in California.

12.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

13.    Paul is a YouTube celebrity and music performer, and upon information and belief, a resident of the state of California.  In 2017, Paul created and publicly released the song Litmas.

14. Team 10, Inc is Paul's production company that is credited on Litmas. Team 10 is a Delaware corporation with its principal place of business at 1180 Century Park East, Suite 950, Los Angeles, California, 90067 and can be served by serving its Registered Agent, eresidentagent, Inc. at 7801 Folsom Boulevard, Suite 202, Sacramento, California, 95826.

**THE COPYRIGHTED WORK AT ISSUE**

15. In 2015, Plaintiffs created the master recording and composition entitled "Bad Santa" ("the Work"), which includes the unique and original music that appears in Defendants' song Litmas. Plaintiffs will submit audio recordings of Litmas and Bad Santa to the Court.

16. Plaintiffs registered the Work with the Register of Copyrights on August 12, 2019 and were assigned the registration number SR 852-309. The Certificate of Registration is attached hereto as Exhibit 1.

17. At all relevant times Plaintiffs were the owners of the copyrighted Work at issue in this case.

**INFRINGEMENT BY DEFENDANTS**

18. The Work appears on Defendants' song Litmas.

19. Defendants have never been licensed to use the Work at issue in this action for any purpose.

20. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

4

21. Defendants copied Plaintiffs' copyrighted Work without Plaintiffs' permission.

22. Defendants' willful infringement of the Work has harmed Plaintiffs because, among other things, Plaintiffs were not properly credited for their contributions to Litmas, yet other artists on Litmas were credited for their contributions. The proper licensing of the Work would not have only generated substantial revenues, but it would have generated recognition for Plaintiffs as contributors to a widely distributed song. Instead, Plaintiffs had to sit by and watch Defendants receive acclaim and compensation without any of the proper recognition being received, as it should have been, by Plaintiffs.

23. Defendants have sold, performed and otherwise commercially exploited and profited from Plaintiffs' Work in numerous ways including but not limited to duplicating and uploading the digital version of Plaintiffs' Work to among other sites Apple Music, Spotify and Google Play Music.

24. Defendants have sold, performed and otherwise commercially exploited and profited from Plaintiffs' Work in numerous ways including but not limited to duplicating and uploading the digital version of Plaintiffs' Work in a music video to among other sites YouTube.

25. Plaintiffs created and recorded the Work in 2015, which includes the entire backing track of Litmas. The entire backing track of Litmas misappropriates and infringes Plaintiffs' song Bad Santa.

5

**SRIPLAW**
LOS ANGELES, CALIFORNIA

26. Defendants had access to Bad Santa because Paul was in the same music studio with Plaintiffs on multiple occasions and heard Bad Santa prior to Defendants' complete use of the Work in Litmas.

27. Litmas was produced by Defendants prior to December 1, 2017.

28. Litmas was released by Defendants on December 1, 2017.

29. Plaintiffs' entire Work was used by Defendants in Litmas' audio and video recordings, without permission, acknowledgement or compensation.

30. The use of Plaintiffs' entire Work is grounds for this Court to infer that Defendants had access to Plaintiffs' Work. The verbatim copying of the work is blatant both in scale and degree, that it raises this matter to a level where access is presumed.

31. Defendants' copying of the entire Work, which are qualitatively and crucial elements of Litmas is a sufficient basis to find substantial similarity.

32. To write and produce Litmas, Defendants intentionally and unlawfully copied the entirety of Plaintiffs' unique and original Work.

33. Plaintiffs' performance in the Work is original, unique, specific in terms of pitch, register and overall use, and it is the entire backing music of Litmas and the seed from which the entire song grows.

34. Plaintiffs' Work reach the very essence of Litmas and is crucial to Litmas. There should be no doubt that Plaintiffs' Work was used by in its entirety by Defendants. The specific and unique characteristics of the Work were used in its

6

entirety and are identical to Litmas.  The similarities go beyond substantial, which itself is sufficient to establish infringement, and are in fact the striking.  The similarity of Litmas to the Work is a clear indicator, that Litmas copies Plaintiffs' Work.

35.    The sameness of the performance and striking similarity between Litmas and the protectable elements of the Work are obvious, such that an ordinary lay listener would instantly recognize the similarity between the works.  The similarity surpasses the realm of generic coincidence and independent creation.

36.    Defendants' copying, and repeated and continuing commercial use and exploitation of Plaintiffs' Work is not within the scope of the "fair use" exception to copyright.

37.    Given the undisputable use of Plaintiffs' Work, Defendants knew when writing, publishing, recordings, releasing, advertising, transmitting, publicly performing and distributing Litmas that they were infringing on a pre-existing work.

38.    Defendants failed to secure a license to copy and exploit Plaintiffs' Work.

39.    Plaintiffs' Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

40.    Defendants have, without authorization, created adaptations and derivative works of Plaintiffs' Work by copying, manipulating or altering Plaintiffs' master recording and composition.

COMPLAINT FOR COPYRIGHT INFRINGEMENT
CASE NO.:  2:19-10730

**SRIPLAW**
LOS ANGELES, CALIFORNIA

41.    The conduct of Defendants constitutes direct, contributory, vicarious and willful infringement of Plaintiffs' copyright.  All members of the distribution chain are liable for copyright infringement, including co-writers, producers, and the entities that licensed, distributed and sold the infringing work Litmas both as a single and as part of Paul's album tilted Litmas.

42.    All Defendants are responsible in some manner for the events described herein and are liable to Plaintiffs for damages available under the Copyright Act. Defendants named herein are the writers, performers, producers, record labels, distributors, publishers, and others, who were involved with the creation, release, reproduction, distribution, exploitation, licensing, and public performance of Litmas, embodied in all forms of media, including videos, digital downloads, records and advertisements, all of which constitute, among other things, the improper preparation of a derivative work and direct, vicarious, and contributory infringement.  As coinfringers, Defendants are jointly and severally liable for all amounts owed.

43.    Each Defendant is a practical partner in the infringing acts with all other Defendants and are thus jointly and severally liable for each other's profits.  As described throughout this Complaint, each of the Defendants had an important role in the infringing activity, worked together to accomplish it or were involved in directing various aspects of many of the coordinated infringing activities, and all had a significant financial interest in the infringing activity.

**SRIPLAW**
LOS ANGELES, CALIFORNIA

8

**SRIPLAW**
LOS ANGELES, CALIFORNIA

44.     Defendants' infringing acts were willful, knowing, and malicious and perpetrated without regard to Plaintiffs' rights.

45.     Defendants continue to willfully infringe on Plaintiffs' Work by reproducing, displaying, transmitting, distributing, exploiting and licensing Litmas. Litmas continues to be reproduced, sold, distributed, publicly performed, licensed, and otherwise exploited on albums, and as digital downloads, and in music videos, and in other formats and media, all without payment to Plaintiffs.

## COUNT I
## COPYRIGHT INFRINGEMENT

46.     Plaintiffs incorporate the allegations of paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47.     Plaintiffs own a valid copyright in the Work at issue in this case.

48.     Plaintiffs registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

49.     Defendants had access to the Work as discussed above.  Furthermore, the music in the Work and Litmas are strikingly similar, meaning that access is presumed, and a claimed defense of "independent creation" is precluded.

50.     Defendants' unauthorized reproduction, distribution, public performance, display, and creation of the derivative work Litmas infringes Plaintiffs' exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

51.     Defendants did not receive permission from Plaintiffs to copy, sample or use any part of the Work in Litmas.  All elements of the Work copied by Defendants are original to the Work.

52.     Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiffs' authorization in violation of 17 U.S.C. § 501.

53.     From the date of the creation of the infringing composition, sound recording and video recording Litmas, all Defendants have infringed Plaintiffs' copyright interests in the Work, including:

a.     by substantially copying and publicly performing, or authorizing the copying and public performances on video, and otherwise;

b.     by authorizing the reproduction, distribution, and sale of the records and digital downloads through the execution of licenses, and/or actually selling, manufacturing, and/or distributing Litmas through various sources;

c.     by substantially copying and the related advertising, marketing and promotion of the sale of the records, videos, tickets to concerts and other performances, and other merchandise; and

d.     by participating in and furthering the aforementioned infringing acts, or sharing in the proceeds therefrom, all through substantial use of the Work in and as part of Litmas, packaged in a variety of configurations and

COMPLAINT FOR COPYRIGHT INFRINGEMENT
CASE NO.: 2:19-10730

**SRIPLAW**
LOS ANGELES, CALIFORNIA

digital downloads, and performed in a variety of ways including radio, concerts, personal appearances, video, television, and/or otherwise.

54.     Defendants have reproduced and/or distributed and continue to manufacture, reproduce and distribute large numbers of copies of Litmas which violate Plaintiffs' copyright.  Defendants have not only marketed and exploited the composition and recordings that are at issue in this lawsuit, but have granted or caused to be granted to various parties, licenses to reproduce or distribute the works that are in violation of Plaintiffs' copyright, including but not limited to international distribution, transmission, sale and performance of Litmas.

55.     With knowledge of the infringement, Defendants have induced, caused or materially contributed to the infringing conduct of others, such that they should be found contributorily liable.

56.     Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that Defendants should be found to be vicariously liable.

57.     Plaintiffs are entitled to declaratory and injunctive relief, ordering Defendants to credit Plaintiffs as producers for all future reproduction, distribution, sale, public performance, or other use or exploitation of Litmas that include Plaintiffs' intellectual property, and a continuing royalty following judgment in an amount to be determined.

58.     Defendants' acts were willful.

11

COMPLAINT FOR COPYRIGHT INFRINGEMENT
CASE NO.:  2:19-10730

59.     Plaintiffs have been damaged.

60.     The harm caused to Plaintiffs has been irreparable.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants Jake Paul and Team 10, Inc. that:

a.      Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.      Defendants be required to pay Plaintiffs their actual damages and Defendants' profits attributable to the infringement, or, at Plaintiffs' election, statutory damages, as provided in 17 U.S.C. § 504;

c.      Plaintiffs be awarded their attorneys' fees and costs of suit under the applicable statutes sued upon; and

d.      Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury of all issues so triable.

DATED:  December 19, 2019          Respectfully submitted,


                                   */s/ Jonah A. Grossbardt*
                                   JONAH A. GROSSBARDT
                                   **SRIPLAW**
                                   Attorneys for Plaintiffs Erik Belz, Jonathan
                                   Pakfar, and Shane Eli Abrahams

**SRIPLAW**
LOS ANGELES, CALIFORNIA

12

COMPLAINT FOR COPYRIGHT INFRINGEMENT
CASE NO.:  2:19-10730